IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ANASTASIA HOLOBINKO**                                           **PLAINTIFF**

v.                                                CIVIL ACTION NO. 3:25-cv-387-TSL-MTP

**MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY**                       **DEFENDANT**

## COMPLAINT
## JURY TRIAL DEMANDED

**COMES NOW** the Plaintiff, Anastasia Holobinko, by and through counsel, Watson & Norris, PLLC, brings this action to recover damages of violations of her rights pursuant to the Family and Medical Leave Act (FMLA) for interference, and violations of her rights pursuant to the Family and Medical Leave Act (FMLA) for retaliation against the Defendant, Mississippi Department of Public Safety. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

## THE PARTIES

1. Plaintiff, Anastasia Holobinko, is a female resident of Madison County, Mississippi.

2. Defendant, Mississippi Department of Public Safety, may be served with process by serving Lynn Fitch, Attorney General, 550 High Street, Jackson, Mississippi 39201.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction pursuant to the Family and Medical Leave Act (FMLA).

4. This Court also has personal and subject matter jurisdiction over the Defendant and venue is proper in this court.

**STATEMENT OF FACTS**

5. Plaintiff is a 60-year-old female resident of Madison County, Mississippi.

6. Plaintiff was hired on August 1, 2019, as a Forensic Anthropologist at the Mississippi Department of Public Safety (MDPS) – State Medical Examiner's Office.

7. In early February 2025, Plaintiff provided FMLA documentation to the medical provider, Internal Medicine Physician Dr. Denise Lynn Harkins at the University of Mississippi Medical Center, for her mother, Leni Holobinko (88-years-old).

8. Plaintiff was seeking intermittent FMLA leave so that she could attend to her mother's serious medical needs, e.g., accompany and transport her to medical appointments, etc.

9. On or around February 14, 2025, Dr. Harkins' office faxed the completed documentation for Plaintiff to MDPS.

10. On February 25, 2025, Plaintiff received a letter from FMLA/WC & Contract Employment Specialist Kerra Sandifer.

11. The letter indicated that Plaintiff was approved for her request for intermittent FMLA leave.

12. On March 14, 2025, Chief of Staff Allen McDaniel informed Plaintiff that she was terminated and that they were "taking Anthropology in a new direction".

13. When Plaintiff asked Dr. Allen to explain this, he referred to how Plaintiff's mother was requiring more attention.

14. Later, Plaintiff received a termination letter that had the subject heading, "Disciplinary Action Decision", yet nothing in the letter indicated anything about a disciplinary action or anything that would serve as the basis for such an action.

15. Plaintiff contends she was retaliated against after she applied for and was approved for FMLA leave.

## CAUSES OF ACTION

### COUNT I: VIOLATION OF THE FMLA - INTERFERENCE

16. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 15 above as if fully incorporated herein.

17. It is unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the FMLA.

18. As a result of the Defendant's interference with Plaintiff's rights to take leave pursuant to the FMLA described above, Plaintiff has suffered and continues to suffer significant lost pay and benefits.

19. The willful conduct of the Defendant is evidenced by a consciously indifferent attitude towards employee's rights under the FMLA. As a result of this conduct, liquidated damages should be assessed against the Defendant.

20. Plaintiff also seeks all other relief, at law or in equity, to which she may show herself justly entitled.

### COUNT II: VIOLATION OF THE FMLA - RETALIATION

21. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 20 above as if fully incorporated herein.

22. It is unlawful for any employer to discharge or discriminate against any individual for opposing any practice made unlawful by the FMLA.

23. As a result of the Defendant's retaliatory acts described above, Plaintiff has suffered and continues to suffer significant lost pay and benefits.

24. The willful conduct of the Defendant is evidenced by a consciously indifferent attitude towards employee's rights under the FMLA and its subsequent retaliation against Plaintiff. As a result of this conduct, liquidated damages should be assessed against the Defendant.

25. Plaintiff also seeks all other relief, at law or in equity, to which she may show herself justly entitled.

## **PRAYER FOR RELIEF**

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Back wages;
2. Reinstatement or future wages in lieu of reinstatement;
3. Liquidated damages;
4. Attorney's fees;
5. Lost benefits;
6. Pre-judgment and post-judgment interest;
7. Costs and expenses; and
8. Such further relief as is deemed just and proper.

THIS the 29th day of May 2025.

          Respectfully submitted,

          ANASTASIA HOLOBINKO, Plaintiff

      By: /s/Louis H. Watson, Jr.
          Louis H. Watson, Jr.  (MB# 9053)
          Nick Norris (MB# 101574)
          Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive #365
Flowood, MS 39232
Telephone: (601) 968-0000

Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
       nick@watsonnorris.com